385 A.2d 1320

**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Orlandus SMITH, Appellant.**

Supreme Court of Pennsylvania.

Submitted Oct. 17, 1977.

Decided April 28, 1978.

Maryann Conway, Philadelphia, for appellant.

F. Emmett Fitzpatrick, Dist. Atty., Steven H. Goldblatt, Dept. Dist. Atty. for Law, Michael R. Stiles, Asst. Dist. Atty., Chief, Appeals Div., for appellee.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, POM-
EROY, NIX, MANDERINO and LARSEN, JJ.

## OPINION OF THE COURT

EAGEN, Chief Justice.

On November 2, 1970, Orlandus Smith was convicted by a
jury in Philadelphia of voluntary manslaughter, robbery,
burglary with intent to commit a felony, and carrying a
concealed deadly weapon. The charges arose out of the
fatal stabbing of Dr. Oliver Wilson. Prison sentences were
imposed, and on direct appeal we affirmed the judgments.
*Commonwealth v. Smith*, 454 Pa. 515, 314 A.2d 224 (1973).

On December 15, 1975, Smith filed a petition seeking
post-conviction relief pursuant to the provisions of the Act
of January 25, 1966, P.L. (1965) 1580, 19 P.S. § 1180–1 *et seq.*
[Hereinafter: PCHA]. After a counseled evidentiary hear-
ing, relief was denied. This appeal is from that order.

In his post-conviction relief petition, Smith contended,
inter alia, he was denied the assistance of effective counsel
in post-verdict motions and on direct appeal. At both
stages, he was represented by the same counsel. Different
court-appointed counsel, however, represented Smith at his
PCHA hearing, after which the Court of Common Pleas held
that Smith's trial and appellate counsel were competent and
effective. In this appeal, in which he is represented by still
another court-appointed counsel, Smith raises the ineffec-
tiveness of counsel at three stages: trial, appellate and
post-conviction.

Smith asserts three incidents of ineffectiveness by his
counsel in support of his claim for relief. First, he asserts
trial counsel should have repolled the jury or clarified the
record when there was confusion as to the jury's finding of
the degree of guilt on the homicide bill. Next, Smith argues
counsel, in post-verdict motions and on direct appeal, should
have assigned as error the trial court's overruling of his
objection to the assistant district attorney's closing argu-
ment to the jury. Finally, Smith argues post-conviction

relief counsel should have obtained the testimony of Smith's original trial counsel and should have presented Smith's pro se post-conviction petition claims to the court in a "legally meaningful way."

Since we find that counsel's failure to pursue the issue of prosecutorial misconduct at trial in post-trial motions and on direct appeal amounted to a denial of Smith's constitutional right to representation by effective counsel, and since this basis for relief was advanced at the post-conviction hearing, it is unnecessary to consider the remaining claims.

The charge of prosecutorial misconduct at trial arises from these remarks made to the jury by counsel for the Commonwealth during closing argument:

"Now, ladies and gentlemen, the doctor made a very, very big mistake. And, ladies and gentlemen, he paid for that mistake. Unfortunately, in this day and age we have to say it was a mistake. His mistake was a natural mistake to all of us, a mistake borne out of rage, a mistake which is borne out of surprise, he fought back. He resisted. He said I will not be robbed and he struggled with a vicious, desperate criminal who would kill for a nickel in this struggle . . . ." [1]

At the conclusion of the prosecutor's argument, defense counsel objected to the characterization of Smith as a "vicious, desperate criminal who would kill for a nickel," and moved for a mistrial. The motion was denied. Defense counsel filed motions for a new trial and in arrest of

1. The Commonwealth argues that the challenged remarks were intended only to suggest what might have prompted Dr. Wilson to resist his assailant rather than to characterize the defendant as a vicious, desperate criminal. We reject that interpretation. Placed in context, it is clear that the words "vicious, desperate criminal" referred to Orlandus Smith. The contested remarks were immediately preceded by the following passage:

"And, ladies and gentlemen, after this person went through this house leading the doctor down the path of unsuspecting anything, completely at ease, they come down the stairs, the doctor in front and Orlandus Smith in the back, a knife is produced and Orlandus Smith says to Dr. Wilson, a sixty-six year old man, 'Don't move or I will cut your throat.' "

judgment but did not assert prosecutorial misconduct as a basis for these motions.

It is well-settled that "[c]ounsel is not obligated to raise every adverse ruling made during the trial in his post-trial motions." *Commonwealth v. Harrison,* 228 Pa.Super. 42, 45, 323 A.2d 848, 849–50 (1974). See also *Commonwealth v. Nole,* 461 Pa. 314, 336 A.2d 302 (1975); *Commonwealth v. Learn,* 233 Pa.Super. 288, 335 A.2d 417 (1975). While counsel should raise in post-trial motions any issue which has a reasonable possibility of success on appeal, he is not required to raise issues which are obviously without merit. As was recently stated by this Court in *Commonwealth v. Hubbard,* 472 Pa. 259, 278, 372 A.2d 687, 696 (1977):

> "It is only when the claim which was foregone was of arguable merit that we must make an inquiry into the basis for the post-trial counsel's decision not to pursue the matter."

This Court has frequently condemned argument to a jury which expresses a district attorney's personal belief or opinion as to the guilt of a defendant or which otherwise stigmatizes a defendant. As stated in *Commonwealth v. Capalla,* 322 Pa. 200, 204, 185 A. 203, 205 (1936):

> "It is no part of a district attorney's duty, and it is not his right to stigmatize a defendant. He has a right to argue that the evidence proves the defendant guilty as charged in the indictment, but for the *district attorney himself* to characterize the defendant as 'a cold blooded killer' is something quite different. No man on trial for murder can be officially characterized as a murderer or as 'a cold blooded killer,' until he is adjudged guilty of murder or pleads guilty to that charge." [Emphasis added.]

Accord, *Commonwealth v. Gilman,* 470 Pa. 179, 368 A.2d 253 (1977); *Commonwealth v. Cronin,* 464 Pa. 138, 346 A.2d 59 (1975); *Commonwealth v. Lark,* 460 Pa. 399, 333 A.2d 786 (1975); *Commonwealth v. Russell,* 456 Pa. 559, 322 A.2d 127 (1974); *Commonwealth v. Lipscomb,* 455 Pa. 525, 317 A.2d 205 (1974).

■ A prosecutor's expression of his personal belief as to a defendant's guilt clearly violates professional standards of conduct. See ABA Standards, The Prosecution Function, § 5.8(b) (1971); Pennsylvania Supreme Court Code of Professional Responsibility EC 7–13 (1974).

■ In this case the prosecutor's characterization of Smith as a "vicious, desperate criminal who would kill for a nickel" was clearly improper and prejudicial. Moreover, because the prosecution's evidence was largely circumstantial, there was a greater likelihood that such a comment could have affected the jury's decision to convict.

Having determined that the claim of prosecutorial misconduct was of arguable merit, we must next decide whether post-trial counsel's failure to pursue the claim in post-verdict motions and on appeal amounted to ineffective assistance of counsel.

■ The standard for determining whether post-trial counsel was ineffective was articulated in *Commonwealth ex rel. Washington v. Maroney,* 427 Pa. 599, 604, 235 A.2d 349, 352 (1967):

"[C]ounsel's assistance is deemed constitutionally effective once we are able to conclude that the particular course chosen by counsel had *some reasonable basis* designed to effectuate his client's interests." [Emphasis in original.]

■ Here the prejudicial remarks were made in the assistant district attorney's closing argument. Trial counsel objected and moved for a mistrial which was denied. The PCHA record reveals no rational basis for post-trial counsel's failure to assign as error the court's denial of the motion for a mistrial based on a claim of arguable merit. Absent such a rational basis, we must conclude that post-verdict motions and direct appeal counsel were ineffective.

■■ Ordinarily, a finding of ineffective assistance of counsel at the post-verdict motions stage of proceedings would dictate a remand to allow appellant to file post-trial motions nunc pro tunc to raise the allegation of prosecutorial misconduct. However, in this case, the efficient adminis-

tration of justice requires that we reverse for a new trial since Smith's underlying claim of prosecutorial misconduct clearly warrants reversal. Under the established precedent of this Court, a new trial is required when comments by a prosecutor may reasonably be said to have deprived the defendant of a fair and impartial trial. *Commonwealth v. Gilman,* supra.

Accordingly, the order denying post-conviction relief is reversed, the judgments of sentence are vacated, and a new trial is ordered.

LARSEN, J., filed a dissenting opinion in which NIX, J., joined.

LARSEN, Justice, dissenting.

I dissent. The prosecutor's comment to the jury during closing argument which is alleged to have been prejudicial wherein he stated the following, was proper.

> "Now ladies and gentlemen, the doctor made a very, very big mistake. And, ladies and gentlemen, he paid for that mistake. Unfortunately, in this day and age we have to say it was a mistake. His mistake was a natural mistake to all of us, a mistake borne out of rage, a mistake which is borne out of surprise, he fought back. He resisted. He said I will not be robbed and he struggled with *a vicious, desperate criminal who would kill for a nickel* in this struggle . . . .." (Emphasis added.)

The fact is, whoever committed this crime upon the deceased was "a vicious, desperate criminal who would kill for a nickel". The reference was not specifically to the defendant. Further, as we stated in the case of *Commonwealth v. Stoltzfus,* 462 Pa. 43, 61, 337 A.2d 873, 882 (1975):

> ". . . [E]ven where the language of the district attorney is intemperate, uncalled for and improper, a new trial is not necessarily required. *Commonwealth v. Crittenton,* 326 Pa. 25, 31, 191 A. 358 (1937); *Commonwealth v. McHugh,* 187 Pa.Super. 568, 577, 145 A.2d 896 (1958). The language must be such that its 'unavoidable effect

would be to prejudice the jury, forming in their minds fixed bias and hostility toward the defendant, so that they could not weigh the evidence and render a true verdict.' *Commonwealth v. Simon,* 432 Pa. 386, 394, 248 A.2d 289, 292 (1968). See also, *Commonwealth v. Myers* [sic], 290 Pa. 573, 139 A. 374 (1927). The effect of such remarks depends upon the atmosphere of the trial, *Commonwealth v. Dickerson,* 406 Pa. 102, 110, 176 A.2d 421 (1962); *Commonwealth v. Del Giorno,* 303 Pa. 509, 519, 154 A. 786 (1931), and the proper action to be taken is within the discretion of the trial court."

Assuming, in the present case, that there was something prejudicial, in the abstract, about the prosecutor's statement, the jury obviously wasn't affected by it because the jury found the defendant guilty of voluntary manslaughter as opposed to murder.

NIX, J., joins in this Dissenting Opinion.