392 A.2d 317
COMMONWEALTH of Pennsylvania
v.
Solomon **MURRAY,** Appellant.
Supreme Court of Pennsylvania.
Submitted May 22, 1978.
Decided Oct. 5, 1978.

Bruce D. Foreman, Harrisburg, for appellant.

Marion E. MacIntyre, 2nd Asst. Dist. Atty., for appellee.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, POMEROY, NIX, MANDERINO and LARSEN, JJ.

## OPINION

O'BRIEN, Justice.

Appellant, Solomon Murray, was convicted by a jury of murder of the first degree. Post-verdict motions were denied and appellant was sentenced to life imprisonment. On direct appeal, we affirmed the judgment of sentence by a per curiam order. *Commonwealth v. Murray*, 473 Pa. 317, 374 A.2d 534 (1977).

Appellant then filed a *pro se* petition under the Post Conviction Hearing Act (PCHA).[1] Counsel was appointed and an amended petition was filed. Appellant's requested relief was denied without an evidentiary hearing and this appeal followed.

[1] Act of January 25, 1966, P.L. (1965) 1580, § 1, 19 P.S. § 1180–1 et seq. (Supp. 1977–78).

Appellant believes he was denied the effective assistance of trial counsel for (1) failing to call four defense witnesses; (2) failing to cross-examine a majority of the Commonwealth's witnesses; and (3) failing to object to comments about appellant's silence at the time of his arrest. We do not reach the merits of appellant's claims, as they have not been properly preserved for appellate review.

The facts are as follows. At trial, appellant was represented by private counsel. On direct appeal to this court, appellant was represented by the Dauphin County Public Defender's Office. When appellant filed his *pro se* PCHA petition, a different private counsel was appointed to assist him in the PCHA proceedings. Appellant is represented by this third attorney on this appeal.

In *Commonwealth v. Dancer*, 460 Pa. 95, 331 A.2d 435 (1975), we held that trial counsel's effectiveness must be challenged on direct appeal where appellate counsel was not trial counsel. Failure to do so constitutes a waiver of that claim.

The Post Conviction Hearing Act provides:

"To be eligible for relief under this act, a person must initiate a proceeding by filing a petition under section 5 and must prove the following:

$$* \quad * \quad * \quad * \quad * \quad *$$

"(d) That the error resulting in his conviction and sentence has not been finally litigated or waived." 19 P.S. § 1180–3 (Supp.1977–78).

Appellate counsel on direct appeal did not challenge trial counsel's effectiveness, thus waiving the issue. For this claim to be cognizable at this time, appellant is required to have challenged direct appeal counsel's effectiveness for failing to raise trial counsel's ineffectiveness. *Com. ex rel. Neal v. Myers*, 424 Pa. 576, 227 A.2d 845 (1967).

In Paragraph 4 of appellant's *pro se* petition, he checked the block stating he was entitled to relief because of "the denial of my constitutional right to representation by competent counsel" with appellant adding "both at trial and on

appellate review." However, § 5 of the PCHA, 19 P.S. 1180–5 provides:

"(a) Any person who desires to obtain relief under this act may initiate a post conviction proceeding by filing a petition (together with two copies thereof) verified by affidavit, with the clerk of the court in which he was convicted and sentenced which said court is hereby granted jurisdiction to hear and determine same. Subject to the provisions of section (b) of this section, he may file a petition at any time. A petition shall be in the following forms:

"(1) The petition must state that it is a post conviction procedure act petition and must include the name of the petitioner, his place of confinement, an identification of the proceedings in which the petitioner was convicted and the place of conviction, the date of the entry of judgment, the sentence imposed, *all facts in support of the alleged error on which the petition is based*, the relief desired, and an identification of all previous proceedings that the petitioner has taken to secure relief from his conviction or sentence." (Emphasis supplied.)

Nowhere in either the *pro se* petition or the amended counseled petition are any facts averred in support of the allegation of appellate counsel's ineffectiveness.

In *Commonwealth v. Fox*, 448 Pa. 491, 295 A.2d 285 (1972), we recognized that prison-drawn *pro se* PCHA petitions must be read with liberality. Here, however, counsel was appointed to assist appellant and he did file an amended petition which contained no facts in support of the allegation that appellate counsel was ineffective. Counsel never sought leave to amend his petition to satisfy the specificity requirements of § 5 of the PCHA. In appellant's brief submitted to our court, present counsel claims that appellate counsel was ineffective because he failed to raise trial counsel's ineffectiveness. We believe this fact cannot cure the failure to state sufficient facts in the PCHA petition.

The Post Conviction Hearing Act further provides:

"(b) For the purposes of this act, an issue is waived if:

"(1) The petitioner knowingly and understandingly failed to raise it and it could have been raised before the trial, at the trial, on appeal, in a habeas corpus proceeding or any other proceeding actually conducted, or in a prior proceeding actually initiated under this act; and

"(2) The petitioner is unable to prove the existence of extraordinary circumstances to justify his failure to raise the issue." 19 P.S. § 1180–4.

The issue has been waived. See 19 P.S. § 1180–3(d). Order affirmed.

POMEROY, J., concurs in the order of affirmance, being of the opinion that the PCHA court committed neither an error of law nor an abuse of discretion in its disposition of the case.

ROBERTS and MANDERINO, JJ., file dissenting opinions.

NIX, J., dissents.

ROBERTS, Justice, dissenting.

Under the guise of the waiver doctrine, the majority denies appellant review of his PCHA allegations of ineffective assistance of counsel and violation of the right against self-incrimination because of a technical defect in appellant's PCHA petition. This nineteenth century view of pleading violates the Post-Conviction Hearing Act * and distorts principles of waiver.

Section 1180–5(a)(1) of the Act requires a petitioner to state "all facts in support of the alleged error on which the petition is based." Because appellant did not set forth in his petition facts in support of his allegation of ineffective assistance of counsel, the majority concludes that appellant has waived his allegations. To the contrary, waiver occurs only when a party fails to raise an issue at the appropriate

* Act of January 25, 1966, P.L. (1965), 1580, §§ 1 et seq., 19 P.S. §§ 1180–1 et seq. (Supp.1978).

time. See *Commonwealth v. Clair*, 458 Pa. 418, 326 A.2d 272 (1974) (trial error waived if not objected to at trial); *Commonwealth v. Blair*, 460 Pa. 31, 331 A.2d 213 (1975) (trial error waived if not raised on post-verdict motions as required by Pa.R.Crim.P. 1123(a)); Post Conviction Hearing Act, § 1180–4 (issues not raised properly on direct appeal or in PCHA petition deemed waived). In his petition, appellant raised the issue of ineffectiveness of counsel; what he failed to do was allege underlying facts. His omission was therefore not a waiver but a failure to comply with the pleading requirement of § 1180–5 of the PCHA.

In denying appellant review, the majority ignores section 1180–7 of the PCHA, which provides:

"The court may grant leave to amend or withdraw the petition at any time. Amendment shall be freely allowed in order to achieve substantial justice. No petition may be dismissed for want of particularity unless the petitioner is first given an opportunity to clarify his petition."

Accord, *Commonwealth v. Satchell*, 430 Pa. 443, 243 A.2d 381 (1968); *Commonwealth v. Gates*, 429 Pa. 453, 240 A.2d 815 (1968); *Commonwealth v. Stokes*, 426 Pa. 265, 232 A.2d 193 (1967). The purpose of the requirement that a petitioner state underlying facts is to alert the PCHA court and the Commonwealth to the nature of the allegations raised. Appellant's allegation that he had been denied effective assistance of counsel apparently satisfied this purpose, because the Commonwealth defended on the merits rather than seek dismissal for want of particularity. Indeed, had the Commonwealth sought dismissal of the petition on this basis, the PCHA court would have been obliged under PCHA § 1180–7 to permit appellant to clarify his position. Yet the majority now finds appellant's petition fatally defective without granting him the opportunity to clarify as required by statute. Where neither the PCHA court nor the Commonwealth detected any prejudice in appellant's recitation of facts, it certainly exalts notions of technical sufficiency of pleadings over substance to hold that appellant waived his right to review by neglecting to support his allegation of ineffective assistance of counsel.

I dissent and would reach the merits of appellant's allegations.

MANDERINO, Justice, dissenting.

After giving lip service to this Court's duty to read *pro se* PCHA petitions liberally, the majority finds appellant's petition defective based on a myopic and unjustifiably narrow reading of that petition. I dissent.

As the majority notes, appellant's petition claimed ineffectiveness of both trial and appellate counsel. The facts underlying appellant's claim of ineffective trial counsel are clear. The majority now holds that the claim of ineffective appellate counsel is waived because no facts were alleged to support it. It is common sense that appellant's claim of ineffective appellate counsel was that appellate counsel did not raise an issue he should have raised—trial counsel's ineffectiveness. Holding appellant's ineffective appellate counsel claim waived under these circumstances can hardly be called a liberal reading of this *pro se* PCHA petition.

I respectfully dissent.