473 A.2d 1383

**COMMONWEALTH of Pennsylvania**

v.

**Larry RUSSELL, Appellant.**

Superior Court of Pennsylvania.

Argued March 8, 1983.

Filed March 30, 1984.

348

Robert H. Steinberg, Middleburg, for appellant.

Graham C. Showalter, District Attorney, Lewisburg, for Commonwealth, appellee.

Before CERCONE, President Judge, and WICKERSHAM and MONTEMURO, JJ.

CERCONE, President Judge:

Appellant was arrested and charged with four counts each of delivery of a controlled substance and possession of a controlled substance with intent to deliver. He proceeded to trial before a jury. Appellant admitted selling the con-

trolled substances, but claimed that, as a result of pressure applied by a Mr. Walburn, he had been coerced and entrapped to do so. He was convicted on all counts and sentenced to two (2) to four (4) years in prison on each count, to be served concurrently. He here appeals the judgment of sentence.

On appeal appellant raises five (5) assignments of error all of which pertain to his entrapment defense. The first three claims address evidentiary ruling of the trial court. Finding merit to one of such claims, we are constrained to reverse and remand for a new trial. We choose to briefly address the other issues so to provide guidance to the trial court on remand.

Appellant contends that the trial court improperly restricted his cross-examination of an undercover investigator. He attempted to question the witness regarding the role of the Lewisburg Police Department in the investigation and the investigation's goal of apprehending appellant's supplier. The court found such inquiries irrelevant to the charges at hand and to the claim of entrapment. We agree.

Evidence is relevant if it in some degree advances the inquiry, making the desired inference more probable than not. *Commonwealth v. Walzack*, 468 Pa. 210, 360 A.2d 914 (1976); *Commonwealth v. Miller*, 268 Pa.Superior Ct. 123, 407 A.2d 860 (1979). The admission of such evidence rests with the discretion of the trial court. *Id.*, 268 Pa.Superior Ct. at 133, 407 A.2d at 866. We find no error in excluding the above evidence for we fail to see how the proposed inquiry could further appellant's claim that he was entrapped or coerced by the conduct of an alleged agent of the Commonwealth.

Next appellant argues that the court should have allowed him to introduce evidence as to the violent propensities of Walburn, who first brought appellant and the undercover agent together. He contended that it was out of fear of this person that he sold the illicit drugs. The trial court found the proffered evidence irrelevant. Appellant argues here, as he did in the court below, that such testimony was

necessary to support his contention that he acted under duress, 18 Pa.C.S.A. § 309 [1], and that he was entrapped due to his justifiable fear of Mr. Walburn. We agree.

In *Commonwealth v. Santiago*, 462 Pa. 216, 340 A.2d 440 (1975), the court was faced with a claim by the defendant that she had participated in the drug trade only because she had been coerced by her husband. The court held:

If in fact a person is acting under duress or coercion, this provision, as under prior law, provides a defense. We can find no reason to employ a fiction which is without basis today. To do so would be to abort truth and to subvert the basic purposes of the adjudicative process. Thus, the issue for the trier of fact to resolve was whether [the defendant] was acting of her own volition or whether, in fact she was being coerced by her husband or any other person in her participation in this criminal activity.

*Id.*, 462 Pa. at 228, 340 A.2d at 446. *Santiago* in effect recognized the defense of duress in a prosecution for selling controlled substances, therefore, the issue becomes whether the proposed testimony should have been admitted for the purpose of showing duress.

 While there is little controlling precedent regarding duress, *Commonwealth v. Smith*, 490 Pa. 380, 385–86, 416 A.2d 986, 988 (1980), specifically addressed the absence of prior case law.

There is a lack of authority in the Commonwealth on the manner of establishing the defense of duress; how-

---

1. § 309. Duress

(a) General Rule.—It is a defense that the actor engaged in the conduct charged to constitute an offense because he was coerced to do so by the use of, or a threat to use, unlawful force against his person or the person of another, which a person of reasonable firmness in his situation would have been unable to resist.

(b) Exception—The defense provided by subsection (a) of this section is unavailable if the actor recklessly placed himself in a situation in which it was probable that he would be subjected to duress. The defense is also unavailable if he was negligent in placing himself in such a situation, whenever negligence suffices to establish culpability for the offense charged. 1972, Dec. 6, P.L. 1482, No. 334, § 1, effective June 6, 1973.

ever, the law on self-defense assists us in the disposition of this issue.

In *Commonwealth v. Amos*, 445 Pa. 297, 284 A.2d 748 (1971), we said testimony as to the victim's character is admissible for the following purposes: (1) to corroborate the defendant's alleged knowledge of the victim's violent character to corroborate the defendant's testimony that he had a reasonable belief his life was in danger and (2) to prove the allegedly violent propensities of the victim to show he was the aggressor. We further noted that, generally, character can be proved only by reputation evidence. In *Commonwealth v. Darby*, 473 Pa. 109, 373 A.2d 1073 (1977), we held that convictions and violent acts of a victim which did not result in conviction, of which the defendant had knowledge, could be introduced for the first purpose mentioned in *Commonwealth v. Amos, supra.*

(Footnote omitted.) Where self-defense is raised as a defense, the trial court should allow the defendant, who claims to have been aware of the victim's alleged violent propensities, to present evidence of specific acts of violence by the victim, of which the defendant was aware; the fact finder must then assess such evidence and determine if the defendant reasonably believed his health was in danger. *Commonwealth v. Stewart*, 483 Pa. 176, 394 A.2d 968 (1978); *Commonwealth v. Scott*, 480 Pa. 50, 389 A.2d 79 (1978); *Commonwealth v. Darby, supra.* Therefore, following the rationale of *Smith, supra,* when a defense of duress is proposed, the defendant should be permitted to present evidence of violent acts, known to the defendant, committed by the alleged intimidating figure.

■ In the current case appellant proposed to have a witness testify that the witness observed Walburn physically assault another, when that individual refused to sell Walburn drugs. Contrary to the court's ruling, such information was pertinent, under the holdings of the above case, as to whether appellant was coerced into participating in the drug transactions. This prior incident was sufficiently similar to the facts at hand that is should have been brought to

the jury's attention. Therefore, as the jury should have been allowed to hear and weigh such a testimony a new trial is in order.[2]

The third evidentiary ruling that appellant questions is the court's refusal to allow him to put his good character into evidence. Appellant attempted to testify, on his own behalf, concerning his lack of any prior criminal record. He was prevented from doing so when the court sustained the Commonwealth's objection thereto.

■■■ A defendant may introduce evidence of his own good character in order to demonstrate his innocence. *Commonwealth v. Farrior*, 312 Pa.Superior Ct. 408, 458 A.2d 1356 (1983). As in the current case, in *Farrior*, the defendant attempted to demonstrate his reputation for being law abiding. However, in *Commonwealth v. Boone*, 467 Pa. 168, 180, 354 A.2d 898, 904 (1976), as quoted in *Commonwealth v. Hoang Khai Tran*, 307 Pa.Superior Ct. 489, 498, 453 A.2d 993, 997 (1982), it was stated: "reputation evidence is established by testimony of the *community* opinion of the individual in question, not through specific acts or mere rumor." (Emphasis in original, citations omitted.) Here appellant did not offer the community opinion as to his law abiding nature, but instead offered the absence of any specific infractions. Consequently, we can not find error with the trial court's ruling.

■■■ Appellant in his fourth complaint argues that the trial court erred in denying his requested charge on entrapment. While trial counsel requested a charge on entrapment, he did not make a specific objection to the court's refusal to so charge. Even after the charge, when the court inquired if counsel was satisfied with the charge, no complaint was aired. In *Commonwealth v. Rineer*, 310 Pa.Superior Ct. 241, 249, 456 A.2d 591, 595 (1983) we stated:

2. Both the trial court and the prosecutor emphasized that as there were several transactions, appellant had the opportunity to inform the authorities of the circumstances. Furthermore, it is noted that Walburn was only actually present at the initial meetings. While such considerations may be properly presented to the jury, such do not justify removing the entire claim from the province of the jury.

Therefore, we hold that in order to preserve an issue regarding the charge to the jury, a specific objection must be made pursuant to Pa.R.Crim.P. 1119(b), even where jury instructions have been timely offered and refused. [T]his will absolutely ensure that the trial court is given an opportunity to avoid error.

Appellant having failed to preserve his fourth claim, we may not address it.[3]

Appellant's last contention raises trial counsel's effectiveness in failing to request an instruction on duress and in failing to elicit evidence of Walburn's relationship with the undercover agent. As we find a new trial is warranted on other grounds, we need not concern ourselves with counsel's stewardship at the first trial.

Judgment of sentence is reversed and the case is remanded for a new trial. We do not retain jurisdiction.

---

**3.** Since we award a new trial on another basis, we feel bound to offer the following guidance to the court to follow on remand. Whether an entrapment has occurred is a question for the jury, unless the evidence points to only one conclusion, however, where the defendant presents evidence of entrapment, no matter how unreasonable the court may believe the claim to be, a charge on entrapment should be given. *Commonwealth v. Clawson,* 250 Pa.Superior Ct. 422, 378 A.2d 1008 (1977).