542 A.2d 106

**COMMONWEALTH of Pennsylvania**

v.

**Linda Sue MOORE, Appellant.**

Superior Court of Pennsylvania.

Submitted Oct. 15, 1987.

Filed April 21, 1988.

Reargument Denied June 10, 1988.

604

606

607

Paul R. Gettleman, Zelienople, for appellant.

Edward M. Clark, Assistant District Attorney, Pittsburgh, for Com., appellee.

Before BROSKY, DEL SOLE and HOFFMAN, JJ.

BROSKY, Judge:

This is an appeal from the judgment of sentence imposed as a result of appellant's conviction of voluntary manslaughter after a non-jury trial.

On appeal, appellant raises several allegations of trial counsel's ineffectiveness: [1] (1) that trial counsel failed to file a motion to suppress appellant's confession and object to its use during the trial judge's deliberation; (2) trial counsel's neglect in not objecting to the insufficiency and misleading character of the jury trial waiver colloquy; (3) trial counsel's failure to present a good character defense; (4) that counsel was remiss in not introducing the victim's extensive criminal record; and (5) the latter's blood alcohol level at the time of death; (6) trial counsel's dereliction in

1. Appellant's ineffectiveness claims are properly preserved for review. It is well-established that the ineffectiveness of prior counsel must be raised at the *earliest stage* of the proceedings at which counsel whose ineffectiveness is challenged no longer represents the defendant. *Commonwealth v. Hennessey*, 485 Pa. 647, 403 A.2d 575 (1979); *Commonwealth v. Hubbard*, 472 Pa. 259, 372 A.2d 687 (1978); *Commonwealth v. Johnson*, 347 Pa.Super. 93, 500 A.2d 173 (1985); *Commonwealth v. Smith*, 321 Pa.Super. 170, 467 A.2d 1307 (1983). In accordance with the foregoing principle, the earliest stage applicable to the instant proceedings was the appellate stage where present counsel assumed his stewardship.

not investigating from where the gun used in the killing came by not interviewing known witnesses; and (7) trial counsel's failure to argue as a matter of law the defense of others. Appellant also asserts an evidentiary weight claim that the Commonwealth did not meet its burden of proving beyond a reasonable doubt that appellant did not act in self-defense. Finding no merit to any of these contentions, we affirm.

 We will treat each allegation of ineffectiveness seriatim, keeping in mind the oft-repeated standard for assessing claims of ineffective representation. First, it must be determined whether the claim has arguable merit. If so, the inquiry then proceeds to ascertaining whether and how counsel's dereliction prejudiced his client. Once a court is able to conclude that counsel's choice had some reasonable basis designed to effectuate his client's interest, this query ceases. *Commonwealth v. Pierce,* 515 Pa. 153, 527 A.2d 973 (1987). The law places the burden of demonstrating counsel's ineffectiveness upon the defendant, since the law also presumes effective stewardship. *Commonwealth v. McNeil,* 506 Pa. 607, 487 A.2d 802 (1985).

 Appellant's initial claim of ineffectiveness is twofold. First, she alleges that counsel was derelict in failing to file a motion to suppress her purportedly inculpatory and involuntary statement given to Detectives Stotlemeyer and Amity because of her intoxicated state at the time of making her confession. However, nothing in the record is suggestive of her proffered incapacity. Detective Stotlemeyer testified that he detected a strong odor of alcohol about appellant. The record merely denotes that appellant told Detective Stotlemeyer that she had begun drinking at approximately 6:00 p.m. on the evening in question and that she had consumed, by the time of the subject incident, approximately between 8:30 and 8:45 p.m., three doubleheaders of straight gin (N.T. 134). This is not evidence of intoxication, *see Commonwealth v. Kuhn,* 327 Pa.Super. 72, 475 A.2d 103 (1984), and appellant has failed to supply any further substantiation for that conclusion. *Common-*

*wealth v. Unger,* 494 Pa. 592, 432 A.2d 146 (1980). Her confession given to Detective Stotlemeyer clearly recalls the events of that night, further diluting the validity of her claim. *Id.* Thus, since no basis exists on the record to support a motion to suppress her statement, counsel was not ineffective in failing to file this motion. *Id.*

■ The second prong of this attack contains two separate elements. The first relates to counsel's alleged ineffectiveness in failing to object to Detective Stotlemeyer's notes of appellant's confession being marked as a Commonwealth exhibit. She claims that these notes are not embraced within the hearsay exception of past recollection recorded and that failure to object to the admission of the notes constitutes ineffective stewardship. The record shows that Detective Stotlemeyer, while testifying from memory of the contents of appellant's oral statement, was asked by the trial court what epithet the victim had attributed to appellant when she offered to open another beer for him. Detective Stotlemeyer then asked the court if he could refer to the notes he took of appellant's oral statement. The report was given to him for the limited purpose of recalling what the victim had called appellant. It was then admitted as the Commonwealth's Exhibit 'B' without trial counsel's objection.

Appellant relies on *Commonwealth v. Canales,* 454 Pa. 422, 311 A.2d 572 (1973), which held that a writing to refresh a witness' recollection is admissible if that witness testifies under oath that he cannot recall from present memory the events recorded in the writing. In *Canales,* the witness, a police officer, testified from his present memory concerning the defendant's oral confession made to him. Throughout, he kept referring to his notes made during the confession. The notes were later admitted into evidence. The Supreme Court concluded that this was error, as the notes did not qualify as past recollection recorded. Here, however, Detective Stotlemeyer told the court that he could not remember what the victim had called the appellant without reference to his notes. When given

the notes, Detective Stotlemeyer used them for the *limited* purpose of responding to the court's query. Thus, counsel could not be deemed ineffective for neglecting to object to evidence otherwise properly admitted. *See Commonwealth v. Bright,* 361 Pa.Super. 261, 522 A.2d 573 (1987). Moreover, and in any event, the notes admitted into evidence, from the testimony gleaned, are corroborative of appellant's own trial testimony. Thus, appellant could not demonstrate, under the second step of the ineffectiveness analysis, that admission of these notes without objection prejudiced her in any way. *See Commonwealth v. Pierce, supra.*

This leads us directly into the second facet of appellant's ineffectiveness attack regarding the admissibility of her confession. Appellant argues that the summation of her oral confession was impermissibly "sent out" with the trial judge, who was also the trier here, in violation of Pa.R. Crim.P. 1114 and that the trier would be inclined to give greater weight to the written summation, especially as it related to appellant's statement that the gun was a .25 caliber automatic with a clip.

First, Pa.R.Crim.P. 1114 only relates to material which a *jury* is not permitted to have during its deliberations. Interestingly, however, this Rule allows the jury to take with it "such exhibits as the trial judge deems proper." *Id.* Thus, had appellant's trial been by jury, that deliberative body would have been permitted, at the trial court's discretion, to take with it the summation of appellant's oral statement.

◼ The pertinent language of Pa.R.Crim.P. 1102(a) states:

Rule 1102. Procedure When Jury Trial is Waived.

(a) When a defendant waives a jury trial, the trial judge shall determine all questions of law and fact and render a verdict which shall have the same force and effect as a verdict of a jury.

From this, it stands to reason that a trial court, sitting as a trier of fact, is entitled to have in its possession the same

documents which it may, in its discretion, send out with the jury. *See Commonwealth v. Meadows*, 232 Pa.Super. 292, 331 A.2d 827 (1974) (verdict rendered by judge sitting without a jury has the same force and effect as a verdict rendered by a jury), *modified in other respects*, 471 Pa. 201, 369 A.2d 1266 (1977).

■ Appellant further argues that Detective Stotlemeyer's testimony of his summation that appellant stated that the gun was a .25 caliber automatic with a clip was prejudicial because appellant, in her testimony, indicated that she did not know the type of gun she had in her hand. This is a credibility question which the trier resolved in favor of Detective Stotlemeyer. While appellant stated at trial that she did not know the type of gun with which she shot the victim, she did testify that the gun fit her hand. The reasonable inference to be drawn from this testimony is the elimination of a gun larger than hand-size as the murder weapon here. Thus, appellant was not totally oblivious to the type of gun she had or that she held the weapon in her right hand and fired the fatal shot with it. This renders appellant's claim of ineffectiveness based upon counsel's neglect in objecting to the admission of the summation as an exhibit, the trial court's consideration of the summation during its deliberation and the failure to object to the gun testimony meritless.

■ Appellant next assails counsel's stewardship for not objecting to the insufficiency and the misleading nature of the jury waiver colloquy. The sufficiency argument is rooted in the claim that the "spirit" of the law evoked by our Supreme Court in *Commonwealth v. E. Williams*, 454 Pa. 368, 312 A.2d 597 (1973), was not fulfilled. *E. Williams* requires that the essential ingredients of a jury trial—that the jury must be composed of members of the community, that the verdict must be unanimous and that the defendant is to be permitted to participate in the jury selection—be explained to an accused who chooses to waive his right to a trial by jury as a necessary adjunct to a knowing and intelligent waiver. Appellant has no quarrel that the record

here fulfills the *E. Williams* criteria. Rather, she argues that the "spirit" of *E. Williams* necessarily convokes informing an accused of the mercy dispensing powers of a jury. More specifically, this translates, for appellant, into the creation of an aura of empathy (or, more likely, sympathy) for her actions because of the victim's history of crime and violence.

We have been unable to discover any appellate decision in this Commonwealth engrafting this caveat onto the law regulating jury trial waiver colloquies. *Commonwealth v. E. Williams, supra,* remains the law. In any case, the function of the jury, as we see it, is to decide a cause based upon the facts presented to it for its deliberation tempered by the trial court's instructions on legal principles. The jury's verdict is not a product of sympathy or empathy for either the accused or the victim. Consequently, we believe that any language in the objected-to colloquy touching upon a jury's potential mercy dispensing predictions would have been erroneous and misleading to appellant. Since no reasonable basis existed for counsel to object to the trial court's failure to advise appellant in this regard, he cannot be deemed ineffective for failing to object. *See Commonwealth v. King,* 317 Pa.Super. 196, 463 A.2d 1152 (1983). Moreover, nothing in the record supports appellant's bald assertion that counsel advised her "that a jury trial was unnecessary" (Appellant's Brief, p. 10) and that such advice was contrary to her wish to proceed to a jury trial. Her assertion in this regard is belied by the record responses she gave to the trial court during the waiver colloquy.

■ Appellant's second level of attack upon the waiver colloquy raises counsel's ineffectiveness for failing to object to the misleading and confusing manner in which the trial court informed appellant of the possible sentence she could receive in the event she were convicted of voluntary manslaughter, of which charge she was ultimately found guilty. Specifically, appellant argues that the trial court was required to inform and counsel did not object to failure to so inform appellant that she would be subjected to the imposi-

tion of a mandated minimum five-year prison sentence for the commission of an offense with a firearm pursuant to Section 9712(a) of the Sentencing Code, 42 Pa.C.S.A. § 9712(a). Appellant was sentenced pursuant to this section and, from this, she posits the contention that "had she known about the mandatory five year minimum [sentence,] she would not have waived her right to a jury [trial]." (Appellant's Brief, p. 12).

Appellant's argument fails for two reasons. First, it is belied by the requirements of Section 9712(b) of the Sentencing Code, 42 Pa.C.S.A. § 9712(b):

§ 9712. Sentences for offenses committed with firearms.

. . . . .

(b) Proof at sentencing.—Provisions of this section shall not be an element of the crime and *notice thereof to the defendant shall not be required prior to conviction, but reasonable notice of the Commonwealth's intention to proceed under this section shall be provided after conviction and before sentencing. The applicability of this section shall be determined at sentencing. The Court shall consider any evidence presented at trial and shall afford the Commonwealth and the defendant an opportunity to present any necessary additional evidence and shall determine, by a preponderance of the evidence, if this section is applicable.*

This plain language rebuts appellant's argument that she had the right to be informed at the jury waiver colloquy stage of the proceedings of the applicability of Section 9712(a). Section 9712(b) unequivocally provides that notice of the applicability of the mandated penalty provision need only be given to a defendant *after* conviction. Secondly, the statute clearly points out that, even after conviction, the applicability of the mandatory penalty is not triggered until sentencing and then only if the Commonwealth is able to satisfy proof of visible possession of a firearm by a preponderance of the evidence. *See Commonwealth v. Wright,* 508 Pa. 25, 494 A.2d 354 (1985), *aff'd sub nom McMillan v. Pennsylvania,* 477 U.S. 79, 106 S.Ct. 2411, 91 L.Ed.2d 67

(1986); *Commonwealth v. Michael,* 352 Pa.Super. 345, 507 A.2d 1263 (1986).

Secondly, we are unable to glean from her argument what advantage, from the standpoint of the sentence here imposed, appellant could have garnered by electing to be tried by a jury. Had appellant been convicted of this same charge by a jury, it is difficult for us to perceive how this could have affected the sentence that she ultimately received. "The function of the jury is to determine guilt or innocence.... [T]he jury has nothing to do with the punishment of an offense.... [P]unishment is a matter solely for the court and not for the jury to know or consider during its deliberations." *Commonwealth v. White,* 350 Pa.Super. 457, 458–59, 504 A.2d 930, 930 (1986); *see also Commonwealth v. Waters,* 334 Pa.Super. 513, 483 A.2d 855 (1984). We conclude that counsel could not be ineffective for failing to object to the colloquy under these circumstances, since any objection would have been without legal foundation.

■ Next, appellant contends that counsel tendered ineffective stewardship in failing to present testimony of appellant's good character and lack of propensity for violence. Her argument in this regard is couched in the following manner:

> Appellant made her counsel aware of several witnesses that were able and willing to testify that she had a reputation for peacefulness in the community. Calling such witnesses in her behalf is of arguable merit. An explanation for trial counsel's failing to present character testimony is unascertainable from the record. It is submitted that a reasonable basis to forego such testimony exists neither in fact nor theory.

Appellant's Brief, p. 14.

What exists in neither fact nor theory, however, is the identity of these presumed witnesses and the interest each unnamed witness would purport to advance in aid of appellant's defense. The law is well-settled that a defendant must support typically vacuous allegations with substance

—namely, the names and whereabouts of favorable witnesses and, most essentially, how the nature of their proposed testimony would have materially strengthened the accused's defense. *Commonwealth v. Clemmons*, 502 Pa. 356, 479 A.2d 955 (1984). Logically, counsel's failure to marshal evidence supportive of his client's defense can only give rise to a colorable claim of ineffectiveness if such evidence initially had any existence at all. *Commonwealth v. Stinnett*, 356 Pa.Super. 83, 514 A.2d 154 (1986). Even if appellant had named specific witnesses, nevertheless, her failure to explain the manner in which the witnesses' testimony would have advanced her cause is fatal to her assertion of ineffectiveness. *See Commonwealth v. Floyd*, 506 Pa. 85, 484 A.2d 365 (1984).

■ Equally unavailing is appellant's contention raising counsel's ineffectiveness for failing to introduce the victim's alleged criminal record to support her defense of self and others. Her own trial testimony was limited to general references that she had read about the victim and had heard people talking about him. She also stated that she premised her belief that he was violent on his past behavior at the bar where the shooting occurred (without specifying what the objectionable behavior was) and that she had read in the paper or had heard (appellant never clarified how she had received this purported information) that he was awaiting sentencing for a murder. However, nothing in appellant's uncorroborated trial testimony on this matter warrants a conclusion that the victim did, indeed, have a criminal record or that he was presently in criminal difficulty.

■ It is true that when the defense is of self, the accused may introduce the victim's criminal record to corroborate the accused's knowledge of the victim's violent temperament and to show that the accused feared for his life or to show the victim as the aggressor. *Commonwealth v. Ignatavich*, 333 Pa.Super. 617, 482 A.2d 1044 (1984), *citing Commonwealth v. Amos*, 445 Pa. 297, 284 A.2d 748 (1971). However, *Ignatavich* goes on to state that introduction of the victim's violent propensities is limited to

616

specific acts culminating in convictions. *See also Common-wealth v. Russell,* 326 Pa.Super. 346, 473 A.2d 1383 (1984) (defense of self permits presentation of evidence of victim's violent acts limited, however, to specific acts of which defendant was aware). Moreover, her Brief is devoid of any explanation as to how introduction of the victim's criminal record (indeed, if he had any) would have assisted appellant's defense of self and others. Again, counsel's failure to gather all evidence material to the defense of his client can only be deemed deficient if it is shown that such evidence actually existed. *Commonwealth v. Stinnett, supra.* Accordingly, this claim also fails.

■ Appellant also alleges defective. representation in regard to counsel's failure to investigate the victim's blood alcohol level at the time of death and his similar dereliction in not asking the pathologist who performed the autopsy upon the victim about this. She states in conclusory fashion, without supporting citation therefor, that "the blood alcohol level of the victim is always relevant, [and] it becomes vital in a case of self-defense or defense of others." Appellant's Brief, p. 17. Once again, appellant does not articulate her rationale for the above conclusion, nor could she, for the relevant statutory enactments, 18 Pa.C. S.A. § 505 (justification for self-defense) and § 506 (justification for defense of others), make no provision for the applicability or not of these defenses when the accused is confronted with an intoxicated aggressor who thereafter becomes the victim of a killing. Thus, counsel's basis for not making inquiry concerning the victim's purportedly intoxicated state was reasonable under the circumstances.

Moreover, we find no basis in the record for appellant's conclusion here on appeal that the victim was intoxicated because his blood alcohol level at the time of death was .20 percent, which, she offers, was well above the legal limit. Even if this contention were supportably true, it fails for relevance to the matter at hand. The legal limitation referred to by appellant only becomes germane in the prosecution of a *defendant* for driving under the influence (75 Pa.C.S.A. § 3731). It has no application here.

■ Moving along to appellant's next claim of ineffectiveness, we find that it raises the assertion that three witnesses who were not called would have offered purportedly exculpatory testimony on appellant's behalf. One witness, a Ms. Johnson, according to appellant, would have testified that patrons of the bar where the shooting occurred usually carried guns in their possession and that she (Ms. Johnson) saw an unidentified man take the gun from appellant and leave it by the front door of the bar.

As to the first part of this claim, we are hard pressed to understand its contribution to appellant's cause in defense to an incident occurring on one specific evening involving one particular patron of the bar. The second part of Ms. Johnson's testimony, even if true, could have been interpreted to mean that the gun was removed from appellant's hand by an unknown individual after the shooting and then left by the front door. This would have added nothing to appellant's defense.

Appellant proposed that Ms. Johnson's testimony, which would have been corroborated by another uncalled witness, a Ms. King, would have demonstrated that an unknown male left the bar with the gun. This, without further articulation, could have contributed nothing in the way of bolstering appellant's defense of self and another, especially since she admitted shooting the victim, and three other witnesses corroborated this.

Another possible interpretation, even more harmful to appellant, would be that the victim took the gun at the front door and attempted to use it against Dan Marcucci, the bar owner, and appellant. Again, this theory, if presented, would have rendered her defense a nullity.

The purported testimony of the other two uncalled witnesses would have served no added purpose and would have been merely cumulative of testimony from other witnesses that they saw the victim throw bottles and threaten the owner of the bar. Thus, counsel cannot be held to ineffective stewardship for failing to put forth a meaningless defense or for not calling unhelpful or unfavorable witnesses.

The last in appellant's litany of ineffectiveness claims—counsel's alleged failure to argue defense of others—is frivolous. Appellant assumes, without more, that counsel did not raise this argument in closing because the closing arguments were not transcribed, and the trial court opinion only addressed defense of self. Contrary to appellant's assertion that she was not given the benefit of the defense of others by counsel, the trial record discloses that counsel vehemently argued this defense on demurrer to the general charge of murder, albeit unsuccessfully. No supportable basis for this assertion otherwise appearing, the argument must fall.

■ Appellant also alleges that the verdict was against the weight of the evidence because the Commonwealth failed to meet its burden that appellant did not act in self-defense. This argument is waived for failure to raise it in post-verdict motions, *Commonwealth v. Gravely*, 486 Pa. 194, 404 A.2d 1296 (1979); *see also* Pa.R.App.P. 302(a), and is not presented to us in the context of any extraordinary circumstance justifying our review of it on appeal. *See* cases collected at note 1, *supra*.

Judgment of sentence affirmed.