## Commonwealth *v.* Baldwin, Appellant.

Submitted March 15, 1971. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and CERCONE, JJ.

*Richard A. Kraemer,* and *Duane, Morris & Heckscher,* for appellant.

*Milton M. Stein,* Assistant District Attorney, *James D. Crawford,* Deputy District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

OPINION BY CERCONE, J., June 22, 1971:

Ralph Bruce Baldwin, the appellant, pleaded guilty on October 9, 1970, to charges of assault and battery on a police officer, attempted burglary of an automobile, larceny, receiving stolen goods, and another charge of assault and battery. Several other charges against him were nolle prossed. He was represented by counsel from the Voluntary Defender Office in these proceedings. On November 4, 1970, he petitioned for relief under the Post Conviction Hearing Act and was granted an evidentiary hearing, claiming he pleaded guilty to charges of which he was innocent upon recommendation of counsel and that his guilty pleas were not intelligently entered but were the result of ineffective and inadequate representation by counsel. The lower

court, after a hearing, disagreed and dismissed the petition. This appeal followed.

A reading of the evidence adduced at the hearing clearly leads to the conclusion that though petitioner was advised of the legal effect of his guilty pleas and that he was entitled to a jury trial if he so chose, he nevertheless pleaded guilty solely because his counsel had so recommended. The record also discloses that the recommendation to plead, by counsel's own admissions, was made with no effort on the part of counsel to secure any facts from petitioner, or other persons as to the circumstances surrounding the charges in question, the possible defenses thereto, nor inquiry into defendant's guilt or innocence, his background or history. No file was prepared by counsel in this case. Counsel could not recall whether or not defendant had told him he was innocent of the charges, his recollection being that after a few minutes conversation with the defendant he recommended the guilty pleas because defendant was then serving a substantial prison sentence and the judge who had requested him to represent petitioner had informed him that it was a plea case and that if guilty pleas were entered no further serving of time would be required because the new sentences would run concurrently with the sentence then being served. The judge did, in fact, make the sentence concurrent.

In the recent case of *North Carolina v. Alford*, 394 U.S. 956 (1969), it was decided that an accused may properly plead guilty, though protesting his innocence, if he intelligently concludes that his interests require a guilty plea and the record strongly evidences guilt. In this case, however, defendant's guilty pleas were predicated on an inadequate and therefore, invalid determination by counsel whose recommendation to plead was made without basis in law or fact.

Since defendant acted quickly in filing his petition for hearing under the Post Conviction Hearing Act, and since the testimony of his counsel at the hearing made it so manifestly clear that counsel failed to learn sufficient facts necessary to make a recommendation concerning a guilty plea, we find that defendant's pleas were based on inadequate representation by counsel. Whether or not the pleas can be overturned because of the judge's pretrial plea bargaining, a question raised on appeal but not before the court below, need not therefore be considered.

We reverse and remand for a new trial.