497 A.2d 656

**COMMONWEALTH of Pennsylvania**

v.

**Michael W. SCOTT, Appellant.**

Superior Court of Pennsylvania.

Argued April 18, 1985.

Filed Aug. 30, 1985.

John W. Nails, Chester, for appellant.

Susan Kahn, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before WICKERSHAM, BECK and CERCONE, JJ.

BECK, Judge:

Appellant was convicted of murder in the third degree and possessing instruments of crime generally. Appellant was charged with first-degree murder, third-degree murder, voluntary manslaughter and possessing instruments of crime generally.

On appeal, appellant who was sentenced to life imprisonment, questions whether the court erred in stating during the jury waiver colloquy that the maximum sentence for third degree murder was ten to twenty years and whether this statement was prejudicial to him.

Appellant's life sentence is based on section 9715 of the Sentencing Code, 42 Pa.C.S. § 9715:

Section 9715 life imprisonment for homicide (a) Mandatory life imprisonment—... any person convicted of murder of the third degree in this Commonwealth who has previously been convicted at any time of murder or voluntary manslaughter in this Commonwealth ... shall be sentenced to life imprisonment, notwithstanding any other provision of this title or other statute to the contrary.

The judge did not, however, commit error in stating that a conviction for third-degree murder carried a ten to twenty year sentence. At the time of the jury waiver

colloquy the judge had no knowledge of appellant's previous murder convictions. It can hardly be said that the court was in error in not informing appellant about the enlargement of sentence when the record of appellant's prior convictions was not before the court.

■ Additionally, the charges against appellant in the matter sub judice, *i.e.*, the charge of first-degree murder, exposed appellant to a life sentence. When appellant agreed to waive the jury, he already knew a life sentence was possible. Therefore, appellant cannot say that the judge's statement relating to third-degree murder was the basis for his jury waiver and was prejudicial to him.[1] Appellant makes no claim that if judge had accurately stated the consequences of conviction for third-degree murder, he would not have waived a jury trial.

■ Next, appellant argues that application of section 9715 to his case violates due process and constitutes an *ex post facto* law since appellant's first homicide was committed prior to the effective date of section 9715.

Appellant's due process argument fails. The language of section 9715 is clear and imposes a life sentence for conviction of third-degree murder on anyone "who had previously been convicted *at any time* of murder or manslaughter." (Emphasis supplied.)

1. Although not raised by appellant, the next logical question is whether the Commonwealth had a duty to inform the appellant or the court about the enlargement of sentence. Section 9715, subparagraph (b), answers the question in the negative:

> Provisions of this section shall not be an element of the crime and notice thereof to the defendant shall not be required prior to conviction, but reasonable notice of the Commonwealth's intention to proceed under this section shall be provided after conviction and before sentencing. The applicability of this section shall be determined at sentencing.

We do not reach the constitutionality of section 9715(b) which requies notice of the enlargement of sentence *after* conviction, because the application of the section was clearly constitutional in the case sub judice. Appellant was informed before his trial that the multiple charges against him exposed him to a life sentence.

■ Appellant's *ex post facto* contention is more troublesome. Appellant argues that the increased penalty of life imprisonment is for a crime committed before the effective date of the act. However, appellant's reasoning is flawed. It is the crime committed by appellant after the effective date of the act which has brought appellant within the ambit of section 9715 and exposed appellant to the enhanced sentence of life imprisonment. *See Commonwealth v. Grady*, 337 Pa.Super. 174, 486 A.2d 962 (1984) (the recidivist provision of the drunk driving law, 75 Pa.C.S. § 3731, was upheld against a similar *ex post facto* challenge).

■ Lastly, in the most general terms, appellant alleges his counsel's ineffectiveness (1) for not informing him of the mandatory life sentence he would receive if convicted of third-degree murder; (2) for not objecting when the court advised appellant that third-degree murder carried a penalty of ten to twenty years; and (3) for failing to file motions relating to the validity of the sentencing statute, the validity of the jury trial waiver, the legality of appellant's sentence, and the sufficiency of the information.

Thus, under the rubric of ineffectiveness, appellant reasserts several claims that he raised in the context of trial court error or abuse of discretion. Since we have already found that such claims have no arguable merit, we cannot say counsel was ineffective for not raising them. *Commonwealth v. Williams*, 314 Pa.Super. 355, 460 A.2d 1178 (1983).

■ Nor can we say counsel was ineffective in not challenging he legality of appellant's sentence. Appellant's prior homicide conviction was undisputed. The statute is clear that this second homicide conviction carried with it a mandatory life sentence. Therefore, we conclude any argument made by counsel challenging this aspect of the legality of appellant's sentence would have no arguable merit, and appellant's counsel accordingly cannot be deemed ineffective for failing to pursue such a claim.

■ Regarding appellant's allegation that his counsel was ineffective for failing to contest the sufficiency of the information filed against appellant, we find that appellant has waived appellate consideration of the issue. A claim of counsel's ineffectiveness cannot be raised in the abstract without an offer to establish a factual predicate upon which a reviewing court can evaluate counsel's assistance. *Commonwealth v. Pettus*, 492 Pa. 558, 424 A.2d 1332 (1981). Here, appellant makes the bare allegation that the information may have been flawed, but appellant does not support his allegation by reference to any specific deficiency in the information. Hence, appellant has not enabled appellate review of his claim.

Judgment of sentence affirmed.