528 A.2d 983

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**Ronald BYNG**

Superior Court of Pennsylvania.

Argued May 20, 1987.

Filed July 21, 1987.

638

Alan Sacks, Assistant District Attorney, Philadelphia, for Com., appellant.

James R. Rosato, Philadelphia, for appellee.

Before McEWEN, JOHNSON and HOFFMAN, JJ.

HOFFMAN, Judge:

This is a Commonwealth appeal from the order below granting appellee a new trial. The Commonwealth contends that the lower court erred in determining that appellee's waiver of his right to a jury trial was involuntary, and thus should not have granted a new trial. For the reasons that follow, we reverse the order below, reinstate the verdict, and remand for sentencing.

Appellee was arrested in connection with a break-in and assault at his wife's house. He subsequently requested a non-jury trial. A lengthy jury waiver colloquy was conducted. During the colloquy, the court advised appellee of the potential maximum sentences he could receive. The court then granted appellee's request. Following his trial, the court found appellee guilty of simple assault, recklessly endangering another person, and criminal trespass as felonies of the second and third degree. Appellee objected to the entering of the verdict, alleging that the jury waiver was defective, and filed a motion for a new trial. In his motion, appellee argued that his waiver of his right to a jury trial was involuntary because the court, during the waiver colloquy, failed to state the maximum sentence he could receive if he were convicted of criminal trespass as a felony of the second degree. After oral argument, the

lower court noted that it had misrepresented the sentence with regard to that charge, and granted the motion. This appeal followed.

The Commonwealth contends that the lower court erred in determining that appellee's jury waiver was involuntary simply because the lower court failed to state the maximum sentence appellee could receive if he were convicted of criminal trespass as a felony of the second degree. The right to a jury trial for non-petty criminal offenses is a fundamental principle of American law. U.S. Const. amend. VI; Pa. Const. art. I, §§ 6, 9; *Duncan v. Louisiana*, 391 U.S. 145, 88 S.Ct. 1444, 20 L.Ed.2d 491 (1968). A criminal defendant may waive his or her right to a jury trial, however, provided that the waiver is knowing and intelligent. Pa.R.Crim.P. 1101. *See also Commonwealth v. Hines*, 496 Pa. 555, 559–60, 437 A.2d 1180, 1182 (1981) (to be effective, waiver of any constitutional right must be knowing and intelligent). In order for a jury waiver to be valid, the defendant must understand the "essential ingredients" of a jury trial:

> These essential ingredients, basic to the concept of a jury trial, are the requirements that the jury be chosen from members of the community (a jury of one's peers), that the verdict be unanimous, and that the accused be allowed to participate in the selection of the jury panel.

*Commonwealth v. Williams*, 454 Pa. 368, 373, 312 A.2d 597, 600 (1973). A judge must ascertain that the waiver is a voluntary, knowing and intelligent decision by the defendant. *Commonwealth v. Baxter*, 282 Pa.Superior Ct. 467, 470, 422 A.2d 1388, 1390 (1980). The intelligence of a waiver of a jury trial "may not be presumed, guessed [at], or conjectured." *Commonwealth v. Hooks*, 450 Pa. 562, 565, 301 A.2d 827, 828 (1973). Moreover, the voluntariness of a waiver may be vitiated by misrepresentation as to sentencing if the defendant is shown to have relied on the misrepresentation when making the decision to waiver a jury trial. *Commonwealth v. Carey*, 235 Pa.Superior Ct. 366, 371–72, 340 A.2d 509, 510–11 (1975). Even if the judge

is satisfied that a defendant's waiver is knowing and intelligent, he or she still has the discretion to decide whether to approve the waiver. *Commonwealth v. Giaccio,* 311 Pa. Superior Ct. 259, 262, 457 A.2d 875, 876 (1983). Finally, we may reverse a lower court's order granting or denying a new trial only if the lower court abused its discretion or committed an error of law. *Commonwealth v. White,* 482 Pa. 197, 199, 393 A.2d 447, 448–49 (1978).

■ Here, the lower court found that its misrepresentation of the range of sentences appellee might receive presumptively rendered the waiver of the right to trial by jury involuntary. Lower Court Opinion at 9. We reject such a *per se* rule. Because there was no showing that appellee *relied* upon the court's misrepresentation in waiving his right, the lower court finding was an abuse of discretion. *Commonwealth v. Carey, supra,* 235 Pa.Superior Ct. at 372, 340 A.2d at 511. Such a showing of reliance upon the misrepresentation is necessary because, although sentencing options may play a role in defendant's decision to waive his right to a jury trial, such information is not essential to an understanding of the nature of the right waived. *Commonwealth v. Boyd,* 461 Pa. 17, 25–26, 334 A.2d 610, 615 (1975). Under this rationale, a defendant must show that a court's misstatement regarding sentencing had a direct effect upon his decision to waive his right to a jury trial. We note that appellee had two opportunities to show that the lower court's misrepresentation affected his decision; in his memorandum of law filed in the lower court, and in the hearing on his post-verdict motions. Appellee, however, failed to make any factual showing that the lower court's misrepresentation directly affected his decision to waive his right to a jury trial. Absent such a showing, we will not hold that the waiver was involuntary.

Accordingly, we reverse the order of the lower court, reinstate the verdict and remand the case for sentencing.

Reversed and remanded. Jurisdiction is relinquished.