PRATT, J.,
Defendant pled guilty, pursuant to an open plea, to two counts each of robbery and criminal conspiracy and was sentenced to two consecutive terms of five to 10 years imprisonment for each count of robbery (the two counts of criminal conspiracy merged into the robbery offenses for sentencing purposes). Defendant has now filed a post-verdict motion in arrest of judgment alleging that the court erroneously denied his pretrial omnibus motion.
Defendant’s post-verdict motion raises two issues: (1) whether the defendant’s guilty plea and subsequent sentencing constitutes a waiver of his right to file the post-verdict motion of a motion in arrest of judgment; and, (2) if not, whether the defendant’s guilty plea constitutes a waiver of his right to appeal his conviction on the basis that the court erroneously denied his pretrial omnibus motion.
The relevant procedural history of this case indicates that defendant, Frederick Bartley, was charged with robbery and criminal conspiracy, two counts each, arising from two separate incidents (18 Pa.C.S. §3701(a)(l)(ii); 18 Pa.C.S. §903(a)(l)(2)). Thereafter, on Januaiy 23, 1989 and November 9, 1989 respectively, defendant filed his pretrial omnibus motion and a motion to quash informations. Subsequently, on November 14, 1989, defendant entered his open guilty plea. Notwithstanding, the court conducted a hearing of the defendant’s pretrial omnibus motion on November 17, 1989. On December 11, 1989, the court denied both pretrial motions. After being sentenced on January 4, 1990, defendant *607 filed a motion to modify sentence on January 14, 1990, which was summarily denied on January 19, 1990.
During the sentencing proceeding and prior to imposing sentence, the court advised defendant that, in the opinion of the court, should defendant proceed with his guilty plea and sentence be imposed accordingly, no case law precedent, statute or rule exists in the Commonwealth on the state level to support defendant’s post-sentencing request for relief on the basis of the court erroneously denying defendant’s pretrial motions. Defendant was also provided the opportunity to withdraw his guilty plea. Defendant acknowledged understanding the court’s cautionary remarks but neither requested to withdraw his plea nor objected to being sentenced. Sentencing transcript at 1-5.
In his post-verdict motion and accompanying brief, defendant argues that, while the traditional response of the courts has been to construe a guilty plea as a waiver on appeal of all but jurisdictional issues, a recently emerging trend holds otherwise. Specifically, defendant cites California, New York and Wisconsin, contending that these states have enacted statutes similar to Rule 11(a)(2) of the Federal Rules of Criminal Procedure, which provides for the defendant to enter a conditional plea of guilty.
Additionally, citing the United States Supreme Court decisions in Blackledge v. Perry, 417 U.S. 21, 94 S.Ct. 2098, 40 L.Ed.2d 628 (1974) (lack of jurisdiction of sentencing court to try defendant); Menna v. New York, 423 U.S. 61, 96 S.Ct. 241, 46 L.Ed.2d 195 (1975) (double jeopardy violation); and Haynes v. U.S., 390 U.S. 85, 88 S.Ct. 722, 19 L.Ed.2d 923 (1968) (defendant prosecuted under unconstitutional *608 statute), defendant argues that an unqualified guilty plea does not waive appeal of jurisdictional defects.
We find defendant’s arguments and authorities unpersuasive.
Federal Rule of Criminal Procedure 11(a)(2) allows the defendant to be sentenced and to commence serving his sentence while preserving the right to appeal any specific adverse pretrial ruling by the trial court. Should defendant prevail on appeal, he is entitled to withdraw his guilty plea. F.R.Crim.P. 11(a)(2). The sister states cited by defendant may indeed recognize a similar right; Pennsylvania, however, does not and remains with the majority of jurisdictions which refuse to grant this same right. Additionally, the United States Supreme Court decisions cited by defendant are of no guidance or assistance. These cases involve the issues of jurisdiction, double jeopardy and the unconstitutionality of a statute, which survive a guilty plea on appeal. None of these issues, however, are applicable in this case.
A valid guilty plea is an admission of guilt and is a waiver of all non-jurisdictional defects and defenses. Commonwealth v. Pyle, 462 Pa. 613, 342 A.2d 101 (1975). The guilty plea renders any prior irregularity in the proceedings irrelevant except insofar as it may affect the voluntary nature of the plea itself. Commonwealth v. Allen, 443 Pa. 447, 277 A.2d 818 (1971). The only issues not waived by a defendant’s plea of guilty are subject-matter jurisdiction, Commonwealth v. Diaz, 235 Pa. Super. 352, 340 A.2d 559 (1975); legality of the sentence imposed, Commonwealth v. Jones, 450 Pa. 442, 299 A.2d 288 (1973); and effectiveness of trial counsel’s representation, Commonwealth v. Baldwin, 219 Pa. Super. 153, 280 A.2d 654 (1971).
*609 Our research discloses no Pennsylvania authority, rule or case law supporting defendant’s exhortation that we recognize a right to appeal pretrial matters subsequent to a guilty plea, particularly utilizing a post-verdict motion such as a motion in arrest of judgment. Until such time as. our legislature or appellate courts deems otherwise, we hold in accordance with the current established rule in Pennsylvania disallowing the defendant’s right to appeal pretrial matters after pleading guilty and being sentenced.
In declining to review this court’s decision in denying defendant’s pretrial omnibus motion as discussed above, we are, in effect, summarily denying defendant’s motion in arrest of judgment. We do so by the following order.
We note that defendant’s brief in support of his motion in arrest of judgment is entitled “defendant’s brief on motion in arrest of judgment and motion for modification of sentence.” Defendant’s brief, however, contains no discussion or cited authority in support of his “motion for modification of sentence” but is, instead, devoted entirely to the motion in arrest of judgment. Moreover, this court, on January 19, 1990, summarily denied defendant’s “motion to modify sentence.” Defendant has filed no appeal from that order.
ORDER OF COURT
Now, January 7, 1991, defendant’s motion. in arrest of judgment is denied in accordance with the foregoing opinion.