601 A.2d 313

**COMMONWEALTH of Pennsylvania**

v.

**Kathleen BIDDLE, Appellant.**

Superior Court of Pennsylvania.

Submitted Oct. 21, 1991.

Filed Dec. 17, 1991.

Patrick J. Thomassey, Monroeville, for appellant.

Kemal A. Mericli, Asst. Dist. Atty., Pittsburgh, for Com., appellee.

Before McEWEN, FORD ELLIOTT and HESTER, JJ.

FORD ELLIOTT, Judge:

In this case we are called upon to determine whether the Commonwealth has the sole discretion to invoke the mandatory sentencing provisions set forth in 18 Pa.C.S.A. § 7508 in situations where it would otherwise be applicable. For the following reasons, we hold that the Commonwealth does

possess sole discretion to invoke the provisions under the statute and, accordingly, vacate the judgment of sentence and remand for resentencing.

Kathleen Biddle entered a guilty plea to two counts of possession of a Controlled Substance (cocaine),[1] two counts of Possession of a Controlled Substance with Intent to Deliver,[2] two counts of Delivery of a Controlled Substance,[3] and one count of Criminal Conspiracy.[4] For Delivery of a Controlled Substance, appellant was sentenced to a term of imprisonment of not less than 3 years nor more than 6 years and a concurrent sentence of not less than 4 years nor more than 8 years. A fine of $25,000 was also imposed pursuant to 18 Pa.C.S.A. § 7508. The trial court denied appellant's motions to Withdraw Guilty Plea and to Reconsider and/or Modify sentence. This appeal followed.

According to appellant, she entered a plea of guilty to the drug charges pursuant to a plea bargain agreement with the Commonwealth.[5] The agreement between the parties was conditioned upon appellant's cooperation with authorities regarding her knowledge about drug trafficking, and,

1. 35 Pa.S.A. § 780–113(a)(16).

2. 35 Pa.S.A. § 780–113(a)(30).

3. 35 Pa.S.A. § 780–113(a)(30).

4. 18 Pa.C.S.A. § 903(a)(1).

5. Appellant also claims that she should have been permitted to withdraw her guilty plea after sentencing since she was informed prior to sentencing that that the Commonwealth did not intend to proceed under the mandatory sentencing provisions of 18 Pa.C.S.A. § 7508. Appellant claims that she pleaded guilty pursuant to a plea bargain agreement. After reviewing the record, we agree with the Commonwealth that appellant did not plead guilty pursuant to a plea agreement. It was, according to the trial court, a straight-up plea. However, an agreement was entered into between the Commonwealth and appellant that the Commonwealth would not file notice of its intention to seek the mandatory sentence, if appellant cooperated with law enforcement regarding drug trafficking. Since appellant cooperated with authorities, the Commonwealth did not file notice of intent to proceed under the mandatory sentencing provisions and recommended only a three year sentence as opposed to the mandatory four year sentence at the sentencing hearing.

We do not find it necessary to address the issue of whether appellant should be permitted to withdraw her plea due to our disposition of appellant's second claim.

in return, the Commonwealth would agree to a three year sentence instead of the mandatory sentence under 18 Pa. C.S.A. § 7508. Nevertheless, the sentencing court rejected the agreement between the Commonwealth and appellant and sentenced her according to the mandatory sentencing provisions of 18 Pa.C.S.A. § 7508.

The appellant contends that the Commonwealth has the discretion to invoke the mandatory sentencing provisions and the Commonwealth agrees.[6] The mandatory minimum sentencing provision of 18 Pa.C.S.A. § 7508 states, in pertinent part:

(b) Proof of sentencing.—Provisions of this section shall not be an element of the crime. Notice of the applicability of this section to the defendant shall not be required prior to conviction, but reasonable notice of the Commonwealth's intention to proceed under this section shall be provided after conviction and before sentencing. The applicability of this section shall be determined at sentencing. The court shall consider evidence presented at trial, shall afford the Commonwealth and the defendant an opportunity to present necessary additional evidence and shall determine, by a preponderance of the evidence, if this section is applicable.

(c) Mandatory sentencing.—There shall be no authority in any court to impose on an offender to which this section is applicable a lesser sentence than provided for herein or to place the offender on probation, parole, work release or pre-release or to suspend sentence. Nothing in this section shall prevent the sentencing court from imposing a sentence greater than provided herein. Sentencing guidelines promulgated by the Pennsylvania Commission on Sentencing shall not supersede the mandatory sentences provided

6. Although the Commonwealth believes that it has the discretion of seeking a penalty under the mandatory provisions of 18 Pa.C.S.A. 7508, it argues on appeal that the sentence should be affirmed since it is less than the maximum and lawful.

herein. Disposition under section 17 or 18 of The Controlled Substance, Drug, Device and Cosmetic Act shall not be available to a defendant to which this section applies.

18 Pa.C.S.A. § 7508(b), (c).

Notwithstanding the arguments made by the Commonwealth and appellant during appellant's sentencing hearing, the sentencing court imposed the mandatory sentence because it believed that it was bound by the law of 18 Pa.C.S.A. § 7508 in cases where the court determined that the provisions of the statute were applicable. The Commonwealth and appellant both maintain that the issue at bar was resolved by our supreme court in *Commonwealth v. Pittman*, 515 Pa. 272, 528 A.2d 138 (1987).

In *Pittman*, the defendant pleaded guilty to armed robbery. Pursuant to a plea bargain agreement, the Commonwealth did not give notice that it intended to proceed under the mandatory sentencing provision under 42 Pa.C.S.A. § 9712, sentences for offenses committed with firearms. The prosecutor also informed the sentencing court that the Commonwealth was not requesting the mandatory minimum sentence. Defendant received a sentence of two to four years imprisonment. Subsequently, the court, acting on its own motion, vacated the original sentence because it did not conform to the mandatory sentencing provision and notified the defendant that 42 Pa.C.S.A. § 9712 was applicable to his case. The sentencing court determined that, regardless of whether the Commonwealth requests that the mandatory minimum provision be invoked to impose sentence, whenever a defendant is convicted of an enumerated crime and the evidence indicates that the defendant used a firearm to commit the crime, the mandatory provisions of section 9712 require that a sentence of at least five years imprisonment be imposed. The court resentenced defendant to five to ten years imprisonment. Section 9712, sentences for offenses committed with firearms, is substantially similar to 18 Pa.C.S.A. § 7508 and reads in pertinent part:

(b) Proof at sentencing.—Provisions of this section shall not be an element of the crime and notice thereof to the defendant shall not be required prior to conviction, but reasonable notice of the Commonwealth's intention to proceed under this section shall be provided after conviction and before sentencing. The applicability of this section shall be determined at sentencing. The court shall consider any evidence presented at trial and shall afford the Commonwealth and the defendant an opportunity to present any necessary additional evidence and shall determine, by a preponderance of the evidence, if this section is applicable.

(c) Authority of court in sentencing.—There shall be no authority in any court to impose on an offender to which this section is applicable any lesser sentence than provided for in subsection (a) or to place such offender on probation or to suspend sentence. Nothing in this section shall prevent the sentencing court from imposing a sentence greater than that provided in this section. Sentencing guidelines promulgated by the Pennsylvania Commission on Sentencing shall not supersede the mandatory sentences provided in this section.

42 Pa.C.S.A. § 9712(b), (c).

The question in *Pittman* was whether the sentencing court was permitted, in the absence of the Commonwealth's invocation of the mandatory minimum sentencing provision, to sentence Pittman to a term of less than five years imprisonment, or whether the court was required by section 9712 to resentence defendant to a minimum of five years. To resolve the issue raised by the defendant, the court interpreted the meaning of the phrase, "reasonable notice of the Commonwealth's intention to proceed under this section shall be provided after conviction and before sentencing," contained in subsection (b) of the statute. The supreme court reasoned that

If the Commonwealth had no option but to request imposition of a minimum sentence of five years in every case

in which a firearm was used, presumably the statute would not have referred to the Commonwealth's 'intention to proceed' under the section. Moreover, in the case at bar, even if it is assumed, *arguendo*, that *the court*, not the Commonwealth, could provide notice of an intent to proceed under the act, it could not have provided notice of the *Commonwealth's* intent to proceed under the act, for the 'Commonwealth had no such intent, as it indicated at the sentencing hearing, *supra.*

*Pittman*, 528 A.2d at 141–142 (emphasis in original).

The supreme court concluded that the mandatory provisions of section 9712 may not be imposed absent notice of the Commonwealth's intention to proceed, and it was therefore error for the sentencing court to apply the mandatory provisions without the Commonwealth's notice.

The case *sub judice* and *Pittman* are analogous. In both cases, the mandatory minimum sentencing provisions were applicable. The defendants in both instances pleaded guilty, and the Commonwealth, pursuant to an agreement, did not file notice that it intended to proceed under the mandatory sentencing provision. Here, as in *Pittman*, the sentencing court imposed the mandatory without the Commonwealth's notice to proceed under the mandatory section. The mandatory provisions of section 9712 are virtually indistinguishable from the provisions set forth at section 7508(b). Both sections 9712(b) and 7508(b) contain the language, "reasonable notice of the Commonwealth's intention to proceed under this section shall be provided after conviction and before sentencing." Our supreme court has construed this language to mean that the Commonwealth does have sole discretion to invoke the mandatory minimum sentencing provision. We find that *Pittman* is controlling and resolves the issue before us.

 The trial court, on the other hand, believes that the mandatory provisions of section 9712 are distinguishable from the mandatory provisions of section 7508. As the trial court aptly notes, this is a case of statutory interpretation. The rules of statutory construction are applicable

when interpreting the law. 1 Pa.C.S.A. § 1901 et seq. Where the language of a statute is clear and unambiguous, the judiciary must read its provisions in accordance with their plain meaning and common usage. 1 Pa.C.S.A. § 1903. Since section 7508 is a penal provision, it must be strictly construed. See, generally, 1 Pa.C.S.A. § 1928. To ascertain the meaning of a statute, we must consider the intent of the legislature and are permitted to examine the practical consequences of a particular interpretation. *Commonwealth v. Stewart*, 375 Pa.Super. 585, 544 A.2d 1384 (1988). We shall presume that the General Assembly did not intend a result that is absurd or unreasonable. *Commonwealth v. Martorano*, 387 Pa.Super. 151, 563 A.2d 1229 (1989).

■ The trial court determined that the sections of the statute (18 Pa.C.S.A. § 7508) must be read together and each section must be construed in conjunction with the other parts of the statute. The trial court finds that the language in section 7508 is clear and that the mandatory penalty must be imposed in *all* cases. Furthermore, the trial court opines that the legislature's intent, with respect to section 7508, was to eliminate the possibility that a person guilty of violating the statute would receive any lesser penalty except those set forth in the statute to penalize drug traffickers.[7] The Honorable Jeffrey A. Manning states as follows:

7. By enacting 18 Pa.C.S.A. § 7508, our legislature intended to punish drug dealers with mandatory minimum terms of imprisonment. The General Assembly also hoped that the provisions would act more as a deterrent, than as punishment. *Legislative Journal–Senate*, HB 668 2/23/88, Vol. 1, p. 1784. A review of the senator's comments prior to voting on section 7508 reveals that this legislation was passed to protect the people of this Commonwealth from devasting social, economic, and personal effects that drugs wreak on the lives of many people. *Id.* Some senators, however, argued to the effect that mandatory sentencing was not the cure for the serious ills in our society from which drug abuse and drug trafficking stem, but merely a 'band-aid' type solution. It was also argued that, in the end, mandatory minimum sentences would be increasingly more expensive to the taxpayer because more people would be incarcerated and probation would not be possible; and, more jails would be needed to house the

There is not even a hint, in the statutory language, in the words of the members of General Assembly who enacted the statute, or in any common sense analysis of the 'mischief to be remedied or the object to be attained' that the Legislature ever intended to uproot judicial discretion to impose a lesser sentence and transplant that weed in the garden of prosecutorial discretion. To so interpret this statute grants to the prosecutor, a new unfettered right to decide what the sentence ought to be and the authority to make that decision in the secret recesses of his or her private office rather than by a fair and impartial jurist in the bright light of a public courtroom, as has been the Anglo American tradition of law and justice. The prosecutor always retains the traditional power and discretionary authority to bring a charge or not to bring a charge. But once having brought a charge under a statute requiring the imposition of a mandatory sentence upon a simple evidentiary determination *by the Court,* the prosecutor should not be permitted to thwart a proscribed penalty by the intentional or negligent omission of a notice requirement. The simple purpose for subsection (b) is to guarantee to the defendant procedural due process, that he not be subjected to mandatory punishment without notice and an opportunity "to present necessary additional evidence." Its purpose is not to give the authority to sentence to the Commonwealth's attorney. To construe this section as granting unbridled power to the prosecutor to decide who is subject to Draconian punishment and who is not, would, in the words of Justice Scalia, deprive "legislators or the assurance that ordinary terms, used in an ordinary context, will be given a predictable meaning."

Trial court op. at 10–11.

Although the trial court's concerns are well taken, we find that we are bound by our supreme court's interpretation of the identical functional language in *Pittman.* The

influx of drug traffickers since even first time offenders would be incarcerated. *Id.*

supreme court decided that transferring such discretionary authority to the prosecution was constitutionally permissible because it is within the traditional powers accorded the prosecution. Additionally, in *Commonwealth v. Wright*, 508 Pa. 25, 494 A.2d 354 (1985), the supreme court noted:

... the argument that section 9712 violates the separation of powers principle by depriving the sentencing court of discretion may be rejected out of hand. We must also decline the invitation to hold that section 9712 improperly delegates this legislative power to the executive by giving the prosecution discretion whether to invoke the mandatory sentencing procedure. We perceive no distinction between such an exercise of discretion and the prosecutorial discretion exercised at any other stage of the criminal prosecution. The decision to accord the Commonwealth a measure of discretion as to whether to employ section 9712 in a given case was a proper exercise of legislative judgment.

*Wright*, 494 A.2d at 361, n. 4.

Our supreme court has thus determined that, in the same manner that the legislature may limit the sentencing court's discretion to impose a lesser sentence than the mandatory minimum, it may grant the prosecution discretion whether to seek a penalty under the mandatory sentencing provisions.[8] Despite the trial court's very valid concerns, we are constrained to find that our supreme court's rationale in *Pittman* applies to the instant case.[9]

8. Recently, in *Commonwealth v. Logan*, 404 Pa.Super. 100, 590 A.2d 300, n. 6 (1991), a section 7508 case, this court, relying on *Pittman*, noted that the delegation of discretion to the prosecutor to decide whether to invoke the mandatory sentencing provisions is constitutionally permissible.

9. We further note that our legislature amended 18 Pa.C.S.A. § 7508 as recent as December 1990, but it did not see fit to amend any of the language in subsection (b) referring to the Commonwealth's intention to proceed under this section. This language had been interpreted by our supreme court in *Pittman* in 1987, and, if the legislature did not want this language in section 7508 to be construed the same as the almost identical language in section 9712, the legislature could have removed the language regarding the Commonwealth's intention.

Judgment of sentence vacated. Case remanded for resentencing.