623 A.2d 347

**COMMONWEALTH of Pennsylvania**

v.

**Steven Victor DUNN, Appellant.**

Superior Court of Pennsylvania.

Submitted Feb. 8, 1993.

Filed April 14, 1993.

Albert J. Flora, Jr., Wilkes–Barre, for appellant.

Peter P. Olszewski, Jr., Dist. Atty., Wilkes–Barre, for Com., appellee.

Before CAVANAUGH, TAMILIA and CERCONE, JJ.

TAMILIA, Judge:

Steven Dunn appeals from the September 3, 1992 life sentence imposed after he was found guilty, nonjury, of the first degree murder [1] of 16–month old Bryan Erik Huntzinger. Appellant, who admits he brutally beat the victim and dragged

1. 18 Pa.C.S. § 2502(a).

him down the steps allowing his head to bounce from one step to the other, argues his right to a jury trial was not knowingly and intelligently waived because it was influenced by the Commonwealth's determination to seek the death penalty. He also argues the evidence was insufficient to establish the specific intent needed to support a conviction of first degree murder.

 A criminal defendant is entitled to waive his right to a jury trial and elect to be tried by a judge without a jury. Pa.R.Crim.P. 1101. In order for a waiver to be valid it must be an "intentional relinquishment or abandonment of a known right or privilege, and the accused must be aware of the 'essential protections inherent in a jury trial as well as the consequences attendant upon a relinquishment of those safeguards.'" *Commonwealth v. Hayes*, 408 Pa.Super. 314, 317, 596 A.2d 874, 876 (1991), quoting *Commonwealth v. Quarles*, 310 Pa.Super. 74, 79, 456 A.2d 188, 191 (1983). All necessary requirements for a knowing and intelligent waiver of a jury trial are present if the trial court conducts an on-the-record colloquy, including the essential elements of a trial, and the defendant has signed a written waiver. *Commonwealth v. Miguel*, 409 Pa.Super. 429, 598 A.2d 71 (1991), *alloc. den.*, 529 Pa. 668, 605 A.2d 333 (1992). The essential ingredients of a jury trial of which a defendant must be advised he is waiving include: the jury will be chosen from members of the community, the verdict must be unanimous and the accused will participate in the jury panel selection. *Hayes, supra.*

 Our thorough review of the record indicates appellant was aware of the rights he had waived. Appellant's signed, written waiver, which included a thorough explanation of rights he was waiving and the attendant consequences, was witnessed by his counsel and filed on June 4, 1991. The court also conducted a thorough colloquy to assure appellant was aware of and understood his rights (N.T., 6/3/91, pp. 62–66, 82–100). At the colloquy appellant testified he read, understood and signed the written waiver and further verbally averred in open court he was freely waiving his right to a trial by jury, upon the advice and consent of counsel (*Id.*, pp. 62–63,

81–82). Nevertheless, appellant now argues his waiver was coerced by an allegedly erroneous pretrial ruling.

Prior to the waiver of his right to a jury trial, the defendant contested, to no avail, the Commonwealth's determination to proceed with this case as a capital case based on the aggravating circumstance the victim was under twelve years of age, 42 Pa.C.S. § 9711(d)(16).

**42 Pa.C.S. § 9711 Sentencing procedure for murder of the first degree**

. . . . .

**(d) Aggravating circumstances.**—Aggravating circumstances shall be limited to the following:

. . . . .

(16) The victim was a child under 12 years of age.

As amended 1986, July 7, P.L. 400, No. 87, § 1, effective in 60 days; 1989, Dec. 22, P.L. 727, No. 99, § 2, *imd. effective.*

(Emphasis added.) Appellant had argued this amendment to the Sentencing Code was not enacted at the time of the incident or, in the alternative, if it was so enacted, "notice to the citizenry of the Commonwealth of the passage of this amendment was not given until its publication in the Pennsylvania Bulletin on January 13, 1990," the day of Bryan's death. (Appellant's brief, pp. 9–10.) Appellant argues because he feared the wrath of an enraged jury he chose a nonjury trial. Appellant contends had the trial court made a proper pretrial determination the aggravating circumstance was inapplicable, he would not have waived his right to trial by jury (*Id.*, p. 8).

Section 9711(d)(16) of the Sentencing Code was signed into law on December 22, 1989, twenty-two (22) days before young Bryan's January 13, 1990 murder,[2] and lists as an aggravating factor to be considered at the time of sentencing, "the victim was a child under 12 years of age." *Id.* The court did not, as appellant avers, make a pretrial determination as to the capital or noncapital nature of the murder prosecution but, after entertaining argument on statutory construction, found

---

**2.** Although Bryan did not die until January 13, 1990, he was attacked on the evening of January 10–11, 1990.

section 9711(d)(16) of the Sentencing Code was effective immediately upon its December 22, 1989 signing and therefore applicable to 16–month old Bryan's January 11, 1990 fatal beating (N.T., 4/19/91, p. 65). Moreover, the appellant received proper notice the Commonwealth intended to seek the death penalty in accordance with Pa.R.Crim.P. 352, **Notice of aggravating circumstances.** We find there has been no abuse of discretion or error of law committed. In fact, appellant achieved precisely that for which he bargained, the avoidance of the death penalty.

Next, appellant argues at the time he inflicted multiple blunt force trauma upon the victim he was unable to formulate a specific intent to kill due to his intoxication from drugs. In support of this averment appellant relies on the allegedly unrebutted testimony of his expert witness, a psychopharmacologist.

When reviewing a sufficiency of the evidence claim an appellate court must view all evidence in a light most favorable to the Commonwealth, as verdict winner, to see whether there is sufficient evidence to enable a fact-finder to find every element of the crime charged beyond a reasonable doubt. *Commonwealth v. McNair,* 529 Pa. 368, 603 A.2d 1014 (1992). It is exclusively within the province of the fact-finder to believe none, some or all of the evidence presented. *Commonwealth v. Henry,* 524 Pa. 135, 155, 569 A.2d 929, 939 (1990); *Commonwealth v. Jackson,* 506 Pa. 469, 485 A.2d 1102 (1984). A trial judge's decision as to credibility of the witnesses presented and the weight of their testimony will not be reversed absent a clear abuse of discretion or error of law. *Commonwealth v. Melvin,* 392 Pa.Super. 224, 572 A.2d 773 (1990).

As evidenced by the Honorable Joseph M. Augello's definitive and comprehensive 86–page Opinion, the finder of fact carefully reviewed and considered all evidence before arriving at the first degree murder conviction. We have found no basis upon which to challenge the trial court's findings. We find the judge did not abuse his discretion or commit an

error of law by finding appellant had formulated the specific intent necessary to be found guilty of first degree murder.

Having found appellant's arguments devoid of merit, we affirm the judgment of life sentence imposed September 3, 1992.

Judgment of sentence affirmed.