J-S09020-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| JAMES S. FLUELLEN | |
| Appellant | No. 2694 EDA 2016 |

Appeal from the Judgment of Sentence July 20, 2016
In the Court of Common Pleas of Delaware County
Criminal Division at No: CP-23-CR-0006373-2014

BEFORE:  SHOGAN, STABILE, and PLATT, [*] JJ.

MEMORANDUM BY STABILE, J.:                    **FILED MAY 24, 2017**

Appellant, James S. Fluellen, appeals from the July 20, 2016 judgment of sentence entered in the Court of Common Pleas of Delaware County ("trial court") following a jury trial for robbery[1] and sentencing him to a mandatory minimum period of incarceration pursuant to 42 Pa.C.S.A. § 9714.  Counsel for Appellant has filed a brief in accordance with **Anders v. California**, 368 U.S. 738 (1969), concurrently with an application to withdraw.  Following review, we grant counsel's application for leave to withdraw and affirm the judgment of sentence.

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. § 3701.

In his previous appeal, we quoted the trial court's recitation of the relevant factual history. *See Commonwealth v. Fluellen*, 2819 EDA 2015, unpublished memorandum at 1-5 (Pa. Super. filed June 6, 2016). Briefly, Appellant was convicted of robbing a Dollar Tree store in Sharon Hill on September 18, 2014. Following a jury trial, Appellant was found guilty on June 3, 2015. Appellant was sentenced on July 16, 2015; however, after Appellant filed a motion for reconsideration of sentence, the trial court modified the sentence on August 20, 2015. Appellant appealed, and this Court vacated the judgment of sentence on June 6, 2016. This Court found that the sentence as constituted was illegal because Appellant's convictions of robbery and terroristic threats merged. *Id.* at 14.[2]

Following a remand, on July 20, 2016, the trial court imposed a sentence of 10-20 years' incarceration. Appellant filed a timely notice of appeal on August 18, 2016. The trial court directed Appellant to file a concise statement on August 23, 2016, and Appellant complied on September 9, 2016. The trial court issued a Pa.R.A.P. 1925(a) opinion on September 13, 2016.

On November 14, 2016, Appellant's counsel filed, in this Court, an application to withdraw as counsel and an *Anders* brief raising one issue for

_____

[2] This Court found the other issues raised by Appellant meritless.

our review: "Whether the 10 to 20 year prison term imposed on [Appellant] is harsh and excessive under the circumstances?" ***Anders*** Brief at 1.

Before this Court can review the merits of the underlying issues, we must first address counsel's application to withdraw. ***Commonwealth v. Goodwin***, 928 A.2d 287, 290 (Pa. Super. 2007) (*en banc*). In order for court-appointed counsel to withdraw, counsel must

> (1) petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; (2) file a brief referring to anything that arguably might support the appeal but which does not resemble a "no-merit" letter or amicus curiae brief; and (3) furnish a copy of the brief to the defendant and advise the defendant of his or her right to retain new counsel or raise any additional points that he or she deems worthy of the court's attention.

***Commonwealth v. Lilley***, 978 A.2d 995, 997 (Pa. Super. 2009) (quoting ***Commonwealth v. Rojas***, 874 A.2d 638, 639 (Pa. Super. 2005)).

Upon review, we conclude counsel has satisfied the procedural requirements set forth in ***Anders***. In the brief, counsel explains his conclusion that the issue sought to be raised by Appellant, that the sentence imposed is unduly harsh and excessive, is wholly frivolous. Further, Counsel sent Appellant a letter, along with a copy of the ***Anders*** brief, dated November 4, 2016, advising Appellant of his right to retain new counsel or act on his own behalf.

After finding that counsel has complied with the procedural requirements of **Anders**, this Court must address whether counsel's satisfied the following substantive requirements:

(1) provide a summary of the procedural history and facts, with citations to the record;

(2) refer to anything in the record counsel believes arguably supports the appeal;

(3) set forth counsel's conclusion that the appeal is frivolous; and

(4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Commonwealth v. Santiago**, 978 A.2d 349, 361 (Pa. 2009).

In his **Anders** brief, counsel has included a statement of the case which includes the procedural history of the case. **Anders** Brief at 2. Therefore, counsel has complied with the first requirement.

The second requirement is to reference anything in the record that counsel believes arguably supports the appeal. **See Santiago**, 978 A.2d at 361. Here, counsel raises one issue: whether the trial court abused its discretion by imposing a 10-20 year prison sentence that is harsh and excessive. **Anders** Brief at 1, 5. Counsel, therefore, has satisfied the second **Anders** requirement.

The third substantive requirement of **Anders** is for counsel to state his conclusion that the appeal is frivolous, which counsel complied with in his brief. **Id.** at 6; **see Santiago**, 978 A.2d at 361. After which, counsel must provide the reasons for concluding that the brief is frivolous. **Santiago**,

978 A.2d at 361.  Counsel's brief complied with this requirement, thus he has satisfied the final prong of the **Anders** test.  **Anders** Brief at 5-6.  We find counsel has satisfied the requirements for a petition to withdraw; therefore, we must address the substantive issues raised by Appellant.

Appellant's sole claim is a challenge to the discretionary aspects of sentencing.  **Anders** Brief at 5.  Appellant was sentenced to a mandatory minimum period of incarceration of 10-20 years for robbery pursuant to 42 Pa.C.S.A. § 9714(a)(1).  That statute provides for a mandatory sentence for

> [a]ny person who is convicted in any court of this Commonwealth of a crime of violence shall, if at the time of the commission of the current offense the person had previously been convicted of a crime of violence, be sentenced to a minimum sentence of at least ten years of total confinement, notwithstanding any other provision of this title or other statute to the contrary.

42 Pa.C.S.A. § 9714(a)(1).  Furthermore, the statute provides that robbery is a crime of violence.  42 Pa.C.S.A. § 9714(g).  Moreover, "[o]nce a trial court has determined that the Commonwealth has established the requirements of a legislatively mandated sentence, the trial court has no discretion to deviate its sentence from that which is defined by statute." **Commonwealth v. Vasquez**, 744 A.2d 1280, 1282 (Pa. 2000) (citing **Commonwealth v. Myers**, 722 A.2d 649, 652 (Pa. 1998); **Commonwealth v. Biddle**, 601 A.2d 313, 318 (Pa. Super. 1991)).  As Appellant was previously convicted of robbery, he is subject to a mandatory

minimum under § 9714 and the trial court had no discretion to impose an alternative sentence. Therefore, Appellant's claim fails.

Because we find counsel has complied with the technical requirements of **Anders** and **Santiago**, we must next "conduct an independent review of the record to discern if there are any additional non-frivolous issues overlooked by counsel." **Commonwealth v. Flowers**, 113 A.3d 1246, 1250 (Pa. Super. 2015). Upon review, we do not discern any non-frivolous issues that Appellant could have raised. We therefore grant counsel's application to withdraw and affirm the judgment of sentence.

Judgment of sentence affirmed. Application to withdraw granted.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/24/2017